**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST.**<br>**ROOM 2060**<br>**NEWARK, NJ 07101**<br>**973-297-4903** |

April 30, 2010

VIA CERTIFIED MAIL, R.R.R.
Lou E. Johnson, pro se
SBI # 768286B
Adult Diagnostic and Treatment Center
8 Production Way
P.O. Box 190
Avenel, New Jersey 07001

Kirstin Bohn, Esq.
Chasan Leyner & Lamparello, P.C.
300 Harmon Meadow Boulevard
Secaucus, New Jersey 07094

**REPORT & RECOMMENDATION**

Re:  **Johnson v. Zagori, et al.**
     **Civil Action No. 09-4934 (SDW)**

Dear Plaintiff and Counsel:

Before the Court is the motion for remand of pro se Plaintiff, Lou E. Johnson ("Plaintiff"). (Docket Entry No. 2). Defendants Anthony Zagori, Leo McGuire, Donald Crandall, Peter Servidio, Jeff DiCostanzo, Matthew Murray, Gerard Lombardo and Vanessa Guico (sometimes collectively "Defendants") oppose the motion. No oral argument was heard, pursuant to FED. R. CIV. P. 78. District Judge Wigenton referred the remand motion to me for Report and Recommendation. For the reasons that follow, this Court respectfully recommends that the motion for remand be **DENIED**.

I.   **BACKGROUND**

In brief, the history of this case is as follows. According to Plaintiff, on March 6, 2009, he filed a Complaint against Defendants Zagori and McGuire in the Superior Court of New Jersey, Bergen County, asserting violations of his rights under the United States and New Jersey Constitutions. (Pl. 11/23/09 Ltr. Bf. at 4; Am. Compl., ¶¶ 12-13). Plaintiff however claims that he

did not receive a stamped filed copy of the Complaint from the state court. (Id. at 7). As such, he mailed only unfiled versions of the original Complaint to the original Defendants Zagori and McGuire. (Id.) There is no version of the original Complaint, however, in the record before the Court.

In March 2009, Plaintiff moved to amend his Complaint, which Superior Court Judge Mark Russello denied without prejudice on April 3, 2009. (Id.) On April 9, 2009, Plaintiff again moved to amend to add defendants. According to Plaintiff, the state court granted his motion by Order dated May 1, 2009. (Id.) However, there is no copy of the filed Amended Complaint in the record. Rather, the parties submitted only an unfiled version. The record also does not indicate whether summonses were ever issued in connection with either the original or amended Complaints.

On June 12, 2009, Plaintiff sent, by ordinary mail, copies of the Amended Complaint to the Bergen County Jail to effectuate service on Defendants. (Notice of Removal, ¶ 3; Pl. 11/23/09 Reply Ltr Bf at 4). Plaintiff claims to have mailed a certificate of service to the state court. (Pl. 11/23/09 Ltr Bf at 4).

On June 17, 2009, Lieutenant John Pickel of the Office of the Bergen County Sheriff, wrote to James Sattely, Assistant County Counsel, noting that Defendants received copies of the Amended Complaint. (Pl. 10/3/09 Ltr Bf at Exh. B). On June 23, 2009, Plaintiff wrote to Judge Russello, representing that on June 12, 2009, Plaintiff had served copies of the Amended Complaint on Defendants at the Bergen County Jail by ordinary mail. (Notice of Removal, ¶ 3 and Exh. A). Although Defendants acknowledge that Plaintiff mailed copies of an unfiled version of the Amended Complaint to the Bergen County Jail on June 23, 2009, they contend that they never received, by service or otherwise, a filed copy of the Amended Complaint. (Notice of Removal, at ¶¶ 3-4).

By letter dated August 26, 2009, Judge Russello advised Plaintiff that outgoing legal mail slips were not adequate proof of service. (Pl. 11/23/09 Ltr Bf at 5). On August 31, 2009, Plaintiff re-sent by certified mail return receipt requested copies of his motion to amend, Amended Complaint, and other documents, including his written discovery demands to all Defendants. (Id.) Although Defendants challenge proper service of the summons and original Complaint, they acknowledge service of the unfiled version of the Amended Complaint only on August 31, 2009 and will not raise lack of service of same as a defense. (Notice of Removal, at ¶¶ 5-6). The record does not demonstrate that returns of service were ever filed for Defendants.

On September 25, 2009, Defendants removed the pending state court action to this Court, pursuant to 28 U.S.C. § 1446. The basis of Defendants' removal is Plaintiff's claims asserting violations of his Eighth and Fourteenth Amendment rights under the Constitution of the United States. (Notice of Removal, ¶ 7). Defendants contend that this Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1331, and removal of the case from state court to this District is proper. (Id. at ¶ 8).

On October 9, 2009, Plaintiff submitted opposition to Defendants' removal of the action. Given Plaintiff's pro se status, this Court construed his opposition as a motion to remand the case to the Superior Court of New Jersey, Bergen County. Plaintiff advances two arguments in support of

remand. First, Plaintiff argues that Defendants failed to comply with the statutory requirement of filing Plaintiff's written discovery demands and certificate of service dated July 27, 2009 along with their notice of removal. Second, Plaintiff contends that Defendants were properly served with the Amended Complaint on June 17, 2009. Accordingly, their time to remove the action expired thirty days later on July 17, 2009 pursuant to 28 U.S.C. § 1446(b).

## II.   ANALYSIS

As a preliminary matter, a district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331. A claim brought in state court may be removed to federal court under 28 U.S.C. § 1441. A party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A party opposing remand must show that removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991).

### A.   Timeliness of Defendants' Removal

Under 28 U.S.C. § 1446(a), a defendant must remove an action within thirty days of service of the Complaint. A defendant must file, along with a notice of removal, a "copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Section 1446(b) provides in relevant part,

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).

Here, the critical issue is determining when the time for removal began to run under § 1446(b). Section 1446(b) speaks of the thirty days for removal running from the defendant's receipt, "through service of otherwise, of a copy of the [original complaint]," indicating that the case is removable. 28 U.S.C. § 1446(b). In Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), the Supreme Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal

service." Murphy Brothers, Inc., 526 U.S. at 347-48.

There is no way of knowing whether the case was removable based on the claims in the original Complaint because this initial pleading is not part of the record before the Court. In any event, the original Complaint was not properly served on Defendants Zagori and McGuire. Before removal, Plaintiff was obligated to serve Defendants in compliance with New Jersey state law. In New Jersey, service of process may be effected upon an individual within the state by:

> (1) delivering a copy of the summons and complaint to the individual personally, or []
>
> (2) leaving a copy thereof at the individual's dwelling place or usual place of abode . . ., or []
>
> (3) delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf."

NEW JERSEY COURT RULE 4:4-4(a)(1).[1]

Plaintiff offers no proof that he attempted to personally serve the original Complaint on Defendants Zagori and McGuire or at their "dwelling place or usual place of abode." See id. Instead, Plaintiff mailed copies of the unfiled original Complaint to Defendants Zagori and McGuire. Plaintiff, however, did not indicate to which address he mailed the Complaint and whether anyone at the particular address is authorized to receive service of process on behalf of Zagori or McGuire. See Touray v. Middlesex County, 139 F. App'x 428, 430 (3d Cir. Jul. 18, 2005). See also Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993) (emphasizing that "the party asserting the validity of service bears the burden of proof on that issue").

Moreover, a review of the record indicates that summonses were not issued and returns of service were not filed for either Zagori or McGuire. Whether these Defendants ultimately received a copy of the unfiled original Complaint does not establish proper service. As the Supreme Court in Murphy Brothers held, "mere receipt of the complaint unattended by any formal service" does not constitute proper service of process. Murphy Brothers, Inc., 526 U.S. at 347-48. Accordingly, Plaintiff failed to effect service of process on either of these two defendants.

---

[1] NEW JERSEY COURT RULE 4:4-3(a) provides that "[i]f personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment." Here, no proof of service has been submitted to this effect.

This Court further finds that Defendants were not statutorily required to file their notice of removal within thirty days after receipt of a copy of the Amended Complaint because Plaintiff failed to properly serve Defendants pursuant to New Jersey law. Again, Plaintiff did not attempt to serve any of them personally with a stamp filed version of the Amended Complaint. Rather, he attempted to serve all Defendants with an unfiled Amended Complaint by mailing the pleading to the Bergen County Jail. Yet, Plaintiff did not establish that any official at the Bergen County Jail is authorized to receive service of process on Defendants' behalf. There is also nothing in the record to suggest that service upon a representative at the Bergen County Jail was appropriate. See Touray, 139 F. App'x at 430. See also Grand Entm't Group, Ltd., 988 F.2d at 488. Additionally, the record is devoid of any evidence demonstrating that summonses were issued or that returns of service were filed for Defendants.

In sum, this Court finds that Plaintiff failed to effect service of process on all Defendants. Therefore, the thirty-day time limit for removing the action has not yet been triggered. Accordingly, there are no defects in the removal procedure. As such, remand is not warranted on this basis pursuant to Section 1447(c).[2]

### B.  Defendants' Failure to File Copies of Plaintiff's Discovery Demands

This Court similarly finds Plaintiff's second argument in favor of remand unavailing. Plaintiff misconstrues § 1446(b) as requiring Defendants to file copies of his discovery demands and certificate of service along with their notice of removal. However, § 1446(b) compels a removing defendant to file "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." According to Defendants, the case became removable based on the federal claims asserted by Plaintiff in his Amended Complaint, which was improperly served on them on June 23, 2009. As such, Defendants were under no obligation to file any subsequent discovery demands served by Plaintiff, along with Defendants' notice of removal. Moreover, it is unclear how Plaintiff's certificate of service dated July 27, 2009 could alert Defendants as to the removability of this case. In short, this Court rejects Plaintiff's contention that Defendants' failure to file copies of his discovery demands and certificate of service with their notice of removal warrants remand.

---

[2] The Court notes that in Defendants' notice of removal, they acknowledge service of the unfiled version of the Amended Complaint on August 31, 2009. They also note that they will not raise lack of service of the Amended Complaint as a defense. (Notice of Removal, at ¶¶ 5-6). As Defendants filed their notice of removal on September 25, 2009, it was filed within the thirty day limit under § 1446(b). Accordingly, it was timely filed, and thus serves as an independent basis to deny remand. See 28 U.S.C. § 1446(b).

### III.  CONCLUSION

In sum, this Court respectfully recommends that Plaintiff's motion for remand (Docket Entry No. 2) be **DENIED**.  The parties have ten (10) days from the date hereof to file objections.

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

cc:   Clerk
      Hon. Susan D. Wigenton, U.S.D.J.
      All Parties
      File